FILED
2007 FEB 27 A 11:47
CLERK
U.S. BANKRUPTCY
COURT - PGH

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

IN RE:

| | | |
|---|---|---|
| WILLIAM M. MORRISON, | : | Case No. 06-23520-TPA |
| Debtor | : | Chapter 13 |
| | : | |
| WILLIAM M MORRISON, | : | |
| Movant, | : | |
| | : | |
| v. | : | |
| | : | Related to Document No. 24 |
| ALL CREDITORS IN THE DEBTOR'S | : | |
| MATRIX and RONDA WINNECOUR | : | |
| CHAPTER 13 TRUSTEE, | : | |
| Respondents. | : | |

## MEMORANDUM ORDER

By Order dated February 7, 2007, a Rule to Show Cause hearing was held on February 22, 2007 in the above matter directing Debtor's Counsel, Attorney David A. Colecchia ("Atty. Colecchia") to personally appear before this Court and explain why sanctions should not be imposed against him for his failure to timely comply with this Court's September 27, 2006 *Order of Court Confirming Plan as Modified and Setting Deadlines for Certain Actions* ("Confirmation Order"). Specifically, Atty. Colecchia was summoned to explain his failure to timely file an Amended Plan on or before January 5, 2007 pursuant to Paragraph I(H) of the Confirmation Order providing a 100% distribution to general, unsecured creditors, and Paragraph II(D)(sic) regarding his failure to timely file a 506 action on or before December 26, 2006 as directed.

At the Rule to Show Cause hearing Atty. Colecchia admitted he failed to timely comply with Paragraph I(H) of the Confirmation Order. He attributed his failure to comply in this

1

regard primarily upon "administrative error." By Order dated January 9, 2007 and previously entered by this Court in *In Re Lee Eygabroad*, Case No. 06-24260, Atty. Colecchia used the same justification for his failure to comply with other, prior scheduling orders of this Court. In the *Eygabroad* matter this Court specifically found that under those circumstances the failure to timely comply with the Court's scheduling order was actually due to "oversight of counsel." By Order dated January 9, 2007 in the *Eygabroad* matter, the Court put Atty. Colecchia on notice that "the possibility of imposing an additional sanction will also be considered" with respect to any future failure to timely comply with any scheduling orders of this Court. Atty. Colecchia claimed the same "administrative error" in this case as in the *Eygabroad* case, i.e., the matter was not properly scheduled by his office. In light of its repeated occurrence, this excuse is no longer acceptable to the Court.

In addition to *Eygabroad* and the within matter, Atty. Colecchia also failed to timely comply with this Court's scheduling order in the matter of *In Re James Octave and Susan Octave*, Case No. 05-36710. A Rule to Show Cause Hearing was scheduled simultaneously with the present matter requiring Atty. Colecchia to appear and similarly explain his failure to timely comply with the Order of this Court requiring the filing of a Pretrial Narrative Statement on January 17, 2007. Once again, Atty. Colecchia attributed his failure to comply with this Court's prior scheduling order to "administrative error." As with the prior enumerated cases, this Court specifically finds that the alleged "administrative error" actually was the result of "oversight" by Atty. Colecchia and, under these repetitive, "close in time" reoccurrences, the alleged justification is unacceptable.

2

At the Rule to Show Cause hearing, it was further explained to Atty. Colecchia that the additional excuses he offered in mitigation of his failure to comply with this Court's scheduling orders were also unacceptable. At no time did Atty. Colecchia make any attempt to personally notify the Court of his alleged, personal difficulties in complying with its scheduling Orders or take any other appropriate action to seek an extension or continuance of the deadlines requiring his action.

Based upon all of the foregoing, it is clear to this Court that Atty. Colecchia is either intentionally failing to comply with the Orders of this Court or, at the very least, demonstrating reckless indifference to compliance with this Court's orders. Nevertheless, despite his repeated failures to comply with this Court's orders without proper justification, at the time of the Rule to Show Cause hearing the Court opted to allow Atty. Colecchia one more opportunity to comply with its future orders opting to vacate the Rule to Show Cause at this time without imposing any sanctions on the person of Atty. David A. Colecchia.

As explained to Atty. Colecchia by the Court, to which Atty. Colecchia acknowledged his complete understanding on the record, in the event of *any* future failure to timely comply with this Court's scheduling Orders or any other Orders, without legitimate and appropriate excuse, after notice and hearing, the Court will impose progressive sanctions against the person of Atty. Colecchia starting in the amount of $250 for the first offence, $350 for the second offence and $450 for the third offence. Also in the event of a third offence, the Court will notify the Disciplinary Board of the Pennsylvania Supreme Court of Atty. Colecchia's conduct in this regard as well as bring the matter before the Board of Judges of the U.S. Bankruptcy Court for the W.D. of Pennsylvania to determine whether Atty. Colecchia's privilege to practice before this Court should be suspended

pending review by the Pennsylvania Disciplinary Board as to his conduct in this regard.

AND NOW, this *26th* day of *February, 2007,* it is hereby **ORDERED, ADJUDGED**  *and DECREED,* for all the reasons set forth herein and on the record at the time of the February 22, 2007 Rule to Show Cause hearing, the Rule to Show Cause issued in this case against Atty. David A. Colecchia is *VACATED*, subject to the conditions set forth in this Order.

_____
Thomas P. Agresti
United States Bankruptcy Judge

Case Administrator to mail to:
    Ronda Winnecour, Esq.
    Via CM:ECF e:mail
    Debtors
    Counsel for Debtor/Movant
    Respondents

    Judge Judith K. Fitzgerald
    Judge Jeffery A. Deller

4